IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Magnolia Payne El, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   11 C 6718 |
| Main Street Acquisition Corp., a Nevada corporation, Frontline Asset Strategies, LLC, a Minnesota limited liability company, and Receivables Performance Management, LLC, a Washington limited liability company, | ) ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Magnolia Payne El, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) Plaintiff resides here; b) the acts and transactions occurred here; and, c) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Magnolia Payne El ("Payne El"), is a citizen of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt owed for an

HSBC/Discover credit card. These collection actions took place despite the fact that she had told the Defendants that she refused to pay the debt, and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD").

  4. Defendant, Main Street Acquisition Corp. ("Main Street"), is a Nevada corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant Main Street was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

  5. Defendant Main Street is a bad debt buyer that buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect through other debt collectors, like Frontline Asset Strategies and Receivables Performance Management, LLC.

  6. Defendant, Frontline Asset Strategies, LLC ("Frontline"), is a Minnesota limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant Frontline was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

  7. Defendant, Receivables Performance Management, LLC ("RPM"), is a Washington limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or

attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant RPM was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

8. Defendants are authorized to conduct business in the State of Illinois, and maintain registered agents within the State of Illinois. See, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Defendants each conduct business in Illinois.

9. Moreover, Defendants are each licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Defendants each act as collection agencies in Illinois.

**FACTUAL ALLEGATIONS**

10. Ms. Payne El is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for an HSBC/Discover Card account. At some point in time after that debt became delinquent, Defendant Main Street bought Ms. Payne El's HSBC/Discover Card debt and had Defendant Frontline attempt to collect the debt from her, by sending her an initial form debt collection letter, dated May 24, 2011. This May 24, 2011 letter stated that it was "Re: Main Street Acquisition Corp." and that the original creditor was "HSBC Bank Nevada NA", but at no point indicated that Defendant Main Street owned the debt and was, in fact, the current creditor. A copy of this collection letter is attached as Exhibit C.

11. When Defendants Main Street and Frontline began trying to collect the HSBC/Discover debt from Ms. Payne El, she sought the assistance of the legal aid

attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions. Accordingly, on June 16, 2011, one of Ms. Payne El's attorneys at LASPD informed Defendant Main Street, in writing, through its agent, Frontline, that Ms. Payne El was represented by counsel, and directed Defendant Main Street to cease contacting her, and to cease all further collection activities because Ms. Payne El was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

12. Nonetheless, despite being advised that Ms. Payne El was represented by counsel and refused to pay the debt, Defendant Main Street then had Defendant RPM send Ms. Payne El a collection letter, dated July 15, 2011, which demanded payment of the Discover Card debt. A copy of this collection letter is attached as Exhibit E.

13. Accordingly, on August 16, 2011, Ms. Payne El's attorneys at LASPD had to inform Defendants Main Street and RPM again that they must cease collections and cease communications. Copies of this letter and fax confirmation are attached as Exhibit F.

14. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692g(a)(2)
## Failure To Identify Effectively The Current Creditor

16. Plaintiff adopts and realleges ¶¶ 1-15. This Count is brought solely against Defendants Main Street and Frontline.

17. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to provide Ms. Payne El with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

18. Defendants' Main Street's and Frontline's form collection letter violated § 1692g(2) of the FDCPA because it failed to identify effectively that Defendant Main Street was, in fact, the current creditor to whom the debt was owed.

19. Defendants' Main Street's and Frontline's violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

20. Plaintiff adopts and realleges ¶¶ 1-15. This Count is brought solely against Defendants Main Street and RPM.

21. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

22. Here, the letter from Ms. Payne El's attorney/agent, LASPD, told

Defendants to cease communications and to cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

23. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

24. Plaintiff adopts and realleges ¶¶ 1-15. This Count is brought solely against Defendants Main Street and RPM.

25. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

26. Defendants knew, or readily could have known, that Ms. Payne El was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing, that Ms. Payne El was represented by counsel, and had demanded a cessation of communications with Ms. Payne El. By directly sending Ms. Payne El a collection letter, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

27. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Magnolia Payne El, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Payne El, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Magnolia Payne El, demands trial by jury.

                                            Magnolia Payne El,

                                            By:/s/ David J. Philipps
                                            One of Plaintiff's Attorneys

Dated: September 23, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com